PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM A. HUDSON, | ) | CASE NO. 4:24-cv-2129 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| S. SMALLWOOD, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 9 and 10] |

Pending before the Court is Defendant Sy Smallwood's Motion to Dismiss. ECF No. 9. Plaintiff opposes. ECF No. 11. Plaintiff also moves the Court to take judicial notice of: (1) delays in TCI delivering his mail; and (2) his requests that his legal mail only be opened in his presence in accordance with Sixth Circuit precedent. ECF No. 10. For the reasons explained herein, Defendant's Motion to Dismiss (ECF No. 9) and Plaintiff's Motion for the Court to Take Judicial Notice (ECF No. 10) are denied.

**I.   FACTUAL ALLEGATIONS**

**A. Plaintiff's Injuries**

In May 2024, *pro se* Plaintiff William A. Hudson, an incarcerated adult at Trumbull Correctional Institution ("TCI"), was placed in Limited Privilege Housing ("LPH") by the Rules

(4:24CV2129)

Infraction Board ("RIB"). ECF No. 1 at PageID #: 4. Prior to being moved to LPH, Plaintiff submitted a kite[1] to Defendant stating:

> I was sentenced to lph [*sic*] for 30 days by RIB this afternoon and I do not get along with an inmate pack [*sic*] so I ask that you not put me on the same range with him! I am not going to do anything to him but I won't allow him to harm me either which is why I am sending this kite to avoid any altercations! I am already going to lph [*sic*] for fighting and I don't want to extend my stay so I am bringing this to staff's attention before it gets that far! I should also not be on the same range with inmate German seeing is how we just got into a fight so that would be a bad decision on staff's part to allow that as well. I have done ten days on TPU status which should also count towards my lph [*sic*] time.

ECF No. 1 at PageID #: 10. On May 28, 2024, Defendant responded as follows:

> I understand not wanting to be placed on the same range with these individuals. Please remind me and staff so you can be placed on the opposite range. Your TPU status does NOT count towards your LPH time.

ECF No. 1 at PageID #: 10. That same day, Plaintiff was moved to LPH and placed two cells down from "Pack," the individual with whom Plaintiff claimed he did not get along. When the cell doors were opened for recreation activity, "Pack" allegedly attacked Plaintiff, striking him from behind and kicking Plaintiff in the head. TCI staff was purportedly slow to respond to the attack. ECF No. 1 at PageID #: 4. Plaintiff was taken to the emergency room where he was diagnosed with "a Grade 3 concussion with loss of consciousness, contusions and abrasions to the left side of his fact, injury to his left eye, which still has blurry vision, a large hematoma on the back of his head with a visible shoe print, persistent numbness to the left side of his fact and he suffers from chronic headaches." ECF No. 1 at PageID #: 5.

---

[1] A type of written correspondence between inmates and prison staff. *See State ex rel. Clark v. Dep't of Rehab. & Corr.*, 178 Ohio St.3d 344, 2025-Ohio-895, ₱ 1 n.1 (Ohio 2025).

2

(4:24CV2129)

After an investigation, which included review of video surveillance, TCI reported that Plaintiff was assaulted by two other prisoners.  ECF No. 1-3.  Plaintiff was permitted to review the same video surveillance on two separate occasions and requested that such video surveillance be preserved.  ECF No. 1 at PageID #: 4.

### B. Plaintiff's Grievance

In June 2024, Plaintiff filed a grievance claiming that TCI staff were negligent because they disregarded his concerns about being housed in close proximately to inmates Pack and German prior to being assaulted by Pack and another inmate.  ECF No. 1-1.  TCI responded to the grievance stating:

> Mr. Hudson, I have reviewed your complaint as well as your kite that was sent.  In your kite you stated that you did not want to be on the same range with Pack because you do not get along.  While I am sorry that you do not get along with Pack, we simply can not [*sic*] honor every request because you state that you do not get along.  We have to manage a prison where many people do not get along, we make moves and manage the best that we can.  Additionally, in your kite Mr. Smallwood asked that you remind him when you went to LPH, as we get hundreds of kites/requests for moves from many incarcerated men daily.  Also, it should be noted that there is not a local or institutional separation on you with any inmate at TCI.

ECF No. 1-1 at PageID #: 9.  Plaintiff escalated his grievance, which was again denied.  In the final denial, TCI staff advised Plaintiff:

> In the future anytime you feel that your safety is at risk, you can contact any employee to let them know.  Once you contact any employee, you will be placed in the Transitional Program Unit (TPU) and the protective custody investigation will be initiated.  Your unit manager will be responsible for completing the protective custody investigation and completing a recommendation that will be sent to the managing officer who will determine if you need to be placed in a protective custody unit.

ECF No. 1-1 at PageID #: 8.

(4:24CV2129)

## II.  STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  Plaintiff need not include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678 (citations omitted).

A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it suggests more than a sheer possibility that a defendant has acted unlawfully.  *Twombly*, 550 U.S. at 556.  When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* at 557 (brackets omitted).  "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"

4

(4:24CV2129)

*Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. R. 8(a)(2)). The Court "need not accept as true a legal conclusion couched as a factual allegation or an unwarranted factual inference." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations and internal quotation marks omitted).

On a motion under Rule 12(b)(6), the Court's inquiry is generally limited to the content of the complaint, "although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account without converting the motion to one for summary judgment." *Ira Svendsgaard & Assoc., Inc. v. AllFasteners USA, LLC*, No. 1:20 CV 328, 2021 WL 4502798, at *3 (N.D. Ohio Oct. 1, 2021) (Nugent, J.) (citing *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016)).

### III. DISCUSSION

#### A. Eighth Amendment Deliberate Indifference Claims

To succeed on his claims pursuant to 42 U.S.C. § 1983, Plaintiff must allege that: (1) his rights secured by the Constitution or federal law were violated; (2) by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff asserts an Eighth Amendment violation against Defendant for failing to protect him from inmate-on-inmate violence. ECF No. 1 at PageID #: 4–5. Prison officials have a duty to protect prisoners from violence perpetrated by other prisoners. *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). For a failure-to-protect claim, Plaintiff must satisfy both an objective and subjective inquiry. *Reedy v. West*, 998 F.3d 907, 913 (6th Cir. 2021) (citing *Farmer*, 511 U.S. at 834). First, he must demonstrate that his incarceration posed a substantial risk of serious harm. *Id*. Second, he must demonstrate that Defendant knew of and failed to respond reasonably to that substantial risk. *Id*.; *Beck*, 969 F.3d at 600 (citing *Richko v.*

5

(4:24CV2129)

*Wayne Cnty.*, 819 F.3d 907, 915 (6th Cir. 2016)). At this juncture, Plaintiff has sufficiently pled allegations to survive a motion to dismiss.

      1. *Objective Prong*

To satisfy the objective prong, Plaintiff must show that the conditions of his incarceration posed a substantial risk of serious harm. *Young v. Campbell Cnty., Ky.*, 846 F. App'x 314, 320 (6th Cir. 2021) (citing *Farmer*, 511 U.S. at 834). "A physical fight between two adult men . . . clearly pose[s] a substantial risk of serious harm." *Amick v. Ohio Dep't of Rehab. & Corr.*, 521 F. App'x 354, 362 (6th Cir. 2013). The objective prong analysis, however, requires consideration of the likelihood of harm in the context of the circumstances leading up to the injury. *Zakora v. Chrisman*, 44 F.4th 452, 469 (6th Cir. 2022) (citing *Reedy*, 988 F.3d at 912–14); *see Heller v. McKinney*, 509 U.S. 25, 36 (1993) (holding the objective prong requires a court to assess whether the risk a prisoner faces is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk.") (original emphasis).

Relying primarily on *Reedy*, Defendant argues that Plaintiff does not satisfy the objective prong because his kite merely indicated he did not get along with Pack, not that there was an objective, substantial risk of injury from a physical altercation with Pack. ECF No. 9 at PageID #: 53. In *Reedy*, although the plaintiff was severely injured by his cellmate after the defendant refused to move plaintiff to a different cell, *Reedy*, 988 F.3d at 912–13, the court concluded that plaintiff's complaints regarding his cellmate prior to the assault only indicated a general disagreement, rather than an objective, "*substantial* risk of serious harm" from a physical altercation. *Id*. at 913 (citing *Farmer*, 511 U.S. at 834) (original emphasis). As such, the objective prong was not satisfied in *Reedy*. *Id*. at 914.

6

(4:24CV2129)

This case is distinguishable from *Reedy*. Procedurally, *Reedy* was decided on summary judgment, not a motion to dismiss, see *id.* at 909, and as such, the factual record regarding what the defendant knew before the altercation occurred had been developed during discovery. Here, the issue is whether Plaintiff has pled sufficient facts to demonstrate an objective, substantial risk of harm. The answer, based on the record now before the Court, is yes.

In his kite, Plaintiff did not merely articulate a general disagreement with another inmate—he raised concerns about possible altercations with at least two other inmates in LPH, one of whom Plaintiff had recently been in a fight with that resulted in him being placed in LPH. ECF No. 1-2. Taking the Complaint, and the exhibits attached thereto, as true, *see Ira Svendsgaard & Assoc., Inc.*, 2021 WL 4502798, at *3 , Plaintiff has sufficiently pled facts indicating an objective, substantial risk of serious harm to survive a motion to dismiss.

2. Subjective Prong

Under the subjective prong, Plaintiff must establish that Defendant knew of, and disregarded, the substantial risk of harm to Plaintiff. *Zakora*, 44 F.4th at 472 (citing *Rhodes v. Michigan*, 10 F.4th 665, 674–74 (6th Cir. 2021)). Defendant cannot be liable unless he was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Id*.; *Young v. Campbell Cnty., Ky.*, 846 F. App'x 314, 320–21 (6th Cir. 2021) (citing *Richko v. Wayne Cnty.*, 819 F.3d 907, 915 (6th Cir. 2016)). Whether Defendant knew of and disregarded a substantial risk to Plaintiff's health or safety is a question of fact. *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 815 (6th Cir. 1996); *Woods v. Lecureux*, 110 F.3d 1215, 1223 (6th Cir. 1997) (citing *Farmer*, 511 U.S. at 842).

Plaintiff has sufficiently pled that Defendant Smallwood was aware of Plaintiff's security concerns. Indeed, Defendant responded to Plaintiff's message, asking to be reminded about not

7

(4:24CV2129)

placing Plaintiff on the same range as either Pack or German. ECF No. 1-2. While the Complaint does not include allegations that Plaintiff reminded Defendant or TCI staff about his concerns when Plaintiff was being placed in LPH, it remains that Plaintiff has sufficiently pled that Defendant was aware of the risk Plaintiff faced. Whether Defendant's decision to house Plaintiff two cells down from Pack was a reasonable response to such a risk is a question of fact barring dismissal at this stage.

### B. Judicial Notice

Finally, Plaintiff requests the Court take judicial notice of two facts: (1) there is a delay in TCI delivering Plaintiff's mail to him; and (2) Plaintiff requested his legal mail be opened and searched only in his presence. ECF No. 10.

Pursuant to Rule 201 of the Federal Rules of Evidence, a court may, on motion from a party or on its own, "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." "[I]n general[,] a court may only take judicial notice of a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned." *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005). Therefore, "in order to preserve a party's right to a fair hearing, a court, on a motion to dismiss, must only take judicial notice of facts which are not subject to reasonable dispute." *Id*.

The "facts" Plaintiff seeks the Court to judicially notice are not facts, but rather, his characterizations of administrative processes at TCI regarding prisoner mail inspection and services. Whether there is a delay in Plaintiff receiving mail or that he has requested his legal mail be opened only in his presence are not matters of public record, nor are such claims

8

(4:24CV2129)

indisputable.  Accordingly, Plaintiff's Motion for the Court to Take Judicial Notice (ECF No. 10) is denied.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 9) is denied. Plaintiff's Motion for the Court to Take Judicial Notice (ECF No. 10) is also denied.  A Case Management Conference Scheduling Order shall issue separately.


	IT IS SO ORDERED.


| | |
|---|---|
| January 30, 2026 | /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |