PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM A. HUDSON,                     )
                                       )     CASE NO.  4:24-CV-2129
            Plaintiff,                 )
                                       )
        v.                             )     JUDGE BENITA Y. PEARSON
                                       )
S. SMALLWOOD,                          )
                                       )     **MEMORANDUM OF OPINION**
            Defendant.                 )     **AND ORDER**
                                       )     [Resolving ECF No. 20]

Pending before the Court is Plaintiff William A. Hudson's Motion for Leave to File

Amended Complaint (ECF No. 20), which included the proposed amendments.  ECF No. 20-1.

Defendant opposes.  ECF No. 21.  Plaintiff separately filed the proposed Amended Complaint.

ECF No. 22.  For the reasons stated herein, Plaintiff's Motion for Leave to File Amended

Complaint (ECF No. 20) is granted and ECF No. 22 is accepted as Plaintiff's First Amended

Complaint.

## I.      PROCEDURAL BACKGROUND

Plaintiff filed this action against Defendant Sy Smallwood alleging an Eighth

Amendment violation for failing to protect Plaintiff from inmate-on-inmate violence.  ECF No.

1.  Plaintiff alleges that Defendant was deliberately indifferent to a significant risk of harm when

he allowed Plaintiff to be housed two cells away from another inmate, "Pack," with whom

Plaintiff did not get along and from whom Plaintiff requested separation out of fear of getting

into an altercation.  ECF No. 1.

(4:24CV2129)

Defendant moved to dismiss the Complaint for failure to state a claim upon which relief may be granted. ECF No. 9. The Court denied the motion (ECF No. 14), concluding that Plaintiff sufficiently pled factual allegations to satisfy the objective and subjective prongs for a deliberate indifference claim. ECF No. 14 at PageID ##: 78–80. Plaintiff now moves for leave to amend the complaint to include his state-law negligence claims. ECF No. 20; ECF No. 22. Defendant opposes, claiming that the proposed Amended Complaint would be futile because it cannot withstand a Rule 12(b) motion. ECF No. 21.

## II. LEGAL STANDARD

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.'" Brown v. Chapman, 814 F.3d 436, 442–43 (6th Cir. 2016) (quoting Morse v. McWhorter, 290 F.3d 795, 800 (6th Cir. 2002)). "Despite this policy, denial may be appropriate when there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Id. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). The Sixth Circuit holds that it is inappropriate to dismiss even improperly pled claims with prejudice without affording the party an opportunity to correct pleading deficiencies. United States ex rel. Bledsoe v. Cmty. Health Sys., Inc., 342 F.3d 634, 644 (6th Cir. 2003).

## III. DISCUSSION

The proposed Amended Complaint (ECF No. 22) contains several changes from the original complaint, including reformatting Plaintiff's deliberate indifference claim and adding a

2

(4:24CV2129)

new state-law negligence claim.  *Compare* ECF No. 1, *with* ECF No. 22.  Defendant argues that

amendment would be futile because his state-law claims cannot withstand a Rule 12(b)(6)

motion.  Specifically, Defendant argues that he did not have actual or constructive knowledge of

any unreasonable risk of harm Plaintiff faced by being placed on the same cell block as "Pack,"

claiming that Plaintiff's kite request did not reference any threats or identify substantial risks of

harm.  ECF No. 21 at PageID #: 152–53.  As explained below, the Court is satisfied that, on its

face, the Amended Complaint (ECF No. 22) is sufficient.

### A.  Rule 12(b)(6) Standard of Review.

In resolving a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take

all well-pleaded allegations in the complaint as true and construe those allegations in a light most

favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  A

pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P.

8(a)(2)).  A cause of action fails to state a claim upon which relief may be granted when it lacks

"plausibility in th[e] complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A

pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of

a cause of action will not do."  *Id*. at 555.  Nor does a complaint suffice if it tenders "naked

assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  It must contain sufficient

factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Id.* at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556

U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

3

(4:24CV2129)

On a motion under Rule 12(b)(6), the Court's inquiry is generally limited to the content of the complaint, "although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account without converting the motion to one for summary judgment." *Ira Svendsgaard & Assoc., Inc. v. AllFasteners USA, LLC*, No. 1:20 CV 328, 2021 WL 4502798, at *3 (N.D. Ohio Oct. 1, 2021) (Nugent, J.) (citing *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016)).

### B. Plaintiff's State-Law Negligence Claims.

To succeed on his state-law negligence claims, Plaintiff must demonstrate by a preponderance of the evidence that: (1) Defendant owed Plaintiff a duty; (2) Defendant breached that duty; and (3) the breach proximately caused Plaintiff's injury. *Ford v. Ohio Dep't of Rehab. & Corr.*, 10th Dist. Franklin No. 05AP-357, 2006 WL 1390846, at *2 (Ohio Ct. App. May 23, 2006) (collecting cases). Although the Ohio Department of Rehabilitation and Corrections ("ODRC") and its employees owe inmates a duty of reasonable care and protection from unreasonable risks, ODRC is not an insurer of inmate safety. *Id*. (citing *Mitchell v. Ohio Dep't of Rehab. & Corr.*, 107 Ohio App.3d 231, 235 (Ohio Ct. App. 1995)). When there is inmate-on-inmate violence, a claim of negligence may arise "only whe[n] there was adequate notice of an impending attack." *Id*. (citing *Mitchell*, 107 Ohio App.3d at 235). Therefore, Plaintiff must demonstrate that Defendant had actual or constructive notice of a potential attack. *Id*. at *4.

Defendant relies on several Ohio cases to support his argument that he did not have adequate notice about an unreasonable risk of harm or assault to Plaintiff. In *Elder v. Ohio Department of Rehabilitation and Corrections*, the Ohio Court of Claims concluded that the plaintiff failed to prove his negligence claim because the evidence showed he did not identify the inmate making threats against him, indicate that he feared for his safety, or request protective

4

(4:24CV2129)

custody.  2015 Ohio Misc. LEXIS 140, at * 9–10 (Ohio Ct. Cl. Sept. 11, 2015).  Similarly, in *Baker v. State, Department of Rehabilitation and Corrections*, the Ohio Tenth District Court of Appeals concluded that the testimony presented at trial indicated that the plaintiff failed to make specific requests for protective custody or express direct fears of an impending assault and, therefore, failed to prove his negligence claim by a preponderance of the evidence.  28 Ohio App. 3d 99, 100 (Ohio Ct. App. 1986).  Both *Elder* and *Baker*, however, were decided after evidence was presented at trial, not on a motion to dismiss.

At this stage of the proceedings—and as the Court noted in its Order denying Defendant's motion to dismiss (ECF No. 14)—Plaintiff need only make a plausible allegation that Defendant had actual or constructive notice of an unreasonable risk of harm.  The Amended Complaint satisfies that requirement.  In particular, Plaintiff's kite stated: "I am not going to do anything to [Pack] but I won't allow him to harm me either which is why I am sending this kite to avoid any altercations!"  ECF No. 20-2 at PageID #: 138.  Plaintiff also raised concerns about another inmate, German, with whom Plaintiff had fought, resulting in him being placed in limited privilege housing in the first instance.  Moreover, Defendant acknowledge receipt of the kite and Plaintiff's concerns.  ECF No. 20-2 at PageID #: 138.  For purposes of a Rule 12(b) motion, it is sufficient for Plaintiff to plead that he provided Defendant with notice of a threat of harm or the potential for an altercation with Pack.

As discussed, the Court is required to grant leave freely when justice so requires.  FED. R. CIV. P. 15.  Despite Defendant's futility argument, the Court is satisfied that the proposed Amended Complaint is sufficient on its face.  Therefore, the Court accepts ECF No. 22 as Plaintiff's First Amended Complaint.

5

(4:24CV2129)

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 20) is granted.  ECF No. 22 is accepted as Plaintiff's First Amended Complaint.


IT IS SO ORDERED.


April 22, 2026                                                          /s/ Benita Y. Pearson
Date                                                                      Benita Y. Pearson
                                                                              United States District Judge

6