PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM A. HUDSON, | ) | |
| | ) | CASE NO. 4:24-cv-2129 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| S. SMALLWOOD, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |
| | ) | [Resolving ECF Nos. 38, 39, and 40] |

Pending before the Court are several motions filed by *pro se* Plaintiff William A. Hudson. First, Plaintiff filed a Motion to Ban Assistant Attorney General and ODRC Personnel from Interfering with Legal Mail and Retaliating Against Plaintiff. ECF No. 38. He then filed an amended motion (ECF No. 40) which included an exhibit containing the complained-of conduct report. Because the amended motion supersedes the original, ECF No. 38 is denied as moot and the Court shall construe ECF No. 40 as the operative motion. For the reasons explained herein, Plaintiff's Amended Motion to Ban Assistant Attorney General and ODRC Personnel from Interfering with Legal Mail and/or Retaliating Against Plaintiff (ECF No. 40) is denied.

Plaintiff also filed a Motion for Extension of Time to File Objections to the Magistrate Judge's Minutes of Proceeding and Order. ECF No. 39. That motion is granted in part. Plaintiff shall file any objections to the magistrate judge's minutes of proceeding and order (ECF No. 33) by August 28, 2026.

**I.**

Plaintiff claims that the Assistant Ohio Attorney General and Ohio Department of Rehabilitation and Corrections ("ODRC") personnel are interfering with his legal mail and retaliating against him. ECF No. 40 at PageID ##: 346–47. Specifically, Plaintiff argues that he has limited funds in his prison account with which to satisfy all his financial obligations, including those associated with the prosecution of the present action. ECF No. 40 at PageID ##: 346–47. As such, he "often has other inmates send his legal mail to the Ohio Attorney General's Office and [the] Court." ECF No. 40 at PageID #: 347. He complains that Assistant Attorney General Mallory Buelow reported to ODRC that Plaintiff was sending legal mail and communications regarding the present action through the mail accounts of other inmates. ECF No. 40 at PageID ##: 347 – 48. ODRC then issued a conduct report, stating that such conduct violated its rules and policies, in particular, 75-MAL-01, and the inmate handbook. ECF No. 40-1. Plaintiff argues that there is no rule prohibiting him from sending legal mail through another inmate's account and that the conduct report constitutes retaliation against him for bringing the present action.

Plaintiff's arguments are not well taken. ODRC policies provide that "[a]ll outgoing mail . . . *shall* be clearly identified by the *sender's* name, institution number, and return address. Any outgoing mail not so identified may be opened and read for the purpose of identifying the sender." ODRC Policy No. 75-MAL-01, Section VI.H.4 (emphasis added). Sending legal mail through another inmate's mailing account is not clearly identifying the *sender* and, moreover, undermines the legitimate purpose underlying that policy, that is, to properly and efficiently monitor the incoming and outgoing mail from its facilities. That Plaintiff allegedly struggles to pay the mailing fees does not exempt him from complying with ODRC policies regarding

ingoing and outgoing mail. And requiring such compliance does not constitute interference with legal mail or retaliation.

Furthermore, it is not appropriate for courts to second guess or micromanage ODRC's day-to-day operational and administrative decisions, particularly when those decisions relate to the safety and security of its facilities, employees, and inmates. Accordingly, Plaintiff's Motion to Ban Interference with Legal Mail and Retaliation (ECF No. 40) is denied.

**II.**

Plaintiff also moves for a 21-day extension to file objections to Magistrate Judge Knapp's minutes of proceedings and Order (ECF No. 33). ECF No. 39. Because additional briefing before the magistrate judge concerning the ongoing discovery dispute is due August 28, 2026, the Court shall grant Plaintiff an extension to file any objections to the magistrate judge's order (ECF No. 33) until August 28, 2026. No further extensions, absent extraordinary circumstances, shall be granted.

**III. CONCLUSION**

For the reasons stated herein, Plaintiff's Motion to Ban Interference with Legal Mail and Retaliation (ECF No. 38) is denied as moot. Plaintiff's Amended Motion to Ban Interference with Legal Mail and Retaliation (ECF No. 40) is denied. Plaintiff's Motion for Extension of Time to File Objections to the Magistrate Judge's Minutes of Proceedings and Order (ECF No. 39) is granted in part. Plaintiff shall file any objections to ECF No. 33 on or before August 28, 2026.

IT IS SO ORDERED.

August 14, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge